VANDER HEIDEN, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.*

*January 18—March 13, 1945.*

For the appellant there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Fulton.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FOWLER, J. The widow of William Vander Heiden applied to the Industrial Commission for allowance to her of death benefits under the Workmen's Compensation Act. At his death she and their young child were wholly dependent on her

---

* Motion for rehearing denied, without costs, on May 1, 1945.

husband for support. Her husband, an employee of Kimberly-Clark Corporation, who will hereinafter be referred to as the "employee," had been injured by an accident while engaged in service incidental to his employment and had been granted an award for permanent partial disability. The award was for monthly payments aggregating $11,513.67, in addition to other sums paid. The employee died from cause not connected with his accident. At the time of his death the amount of the unaccrued monthly payments exceeded $6,000 which is the amount the commission allowed as death benefit and is the amount of the death benefit allowable under the facts of this case to beneficiaries wholly dependent when death results from the accident. The appellant claims she is entitled to receive the whole amount of the unaccrued monthly payments. She brought action to review the commission's award. The court confirmed the award.

The statute under which the award was allowed is as follows:

"Sec. 102.47 If death occurs to an injured employee other than as a proximate result of the injury, before disability indemnity ceases, death benefits shall be as follows:

"(1) Where the injury proximately causes permanent total disability, it shall be the same as if the injury had caused death.

"(2) Where the injury proximately causes permanent partial disability, the unaccrued compensation shall first be applied toward funeral expenses, not to exceed two hundred dollars, any remaining sum to be paid to dependents, as provided in this section [102.47] and section 102.48 and there shall be no liability for any other payments. All computations under this subsection shall take into consideration the present value of future payments."

It may be here noted that sec. 102.48, Stats., next above referred to, does not apply to the instant case. Its opening sentence excludes it because it applies only to cases where the employee's beneficiaries are "partially dependent" and here the

beneficiaries are wholly dependent. The opening sentence reads:

"Sec. 102.48 *Death benefit, continued.* If the deceased employee leaves no one wholly dependent upon him for support, partial dependency and death benefits therefor shall be as follows:"

Sec. 102.48, Stats., not applying and the case being one of "permanent partial disability," payment of unaccrued compensation must be made according to sub. (2) of sec. 102.47; that is "as provided in this section [102.47] . . . *and there shall be no liability for any other payments.*" Hence as the death of the instant employee occurred "from cause other than" his accident and "before his disability indemnity" ceased, it must be made according to sub. (1) as if "permanent total disability" had resulted, in which case the death benefit is "the same as if the injury had caused death." Where the injury causes death, the death benefit is fixed by sec. 102.46, and the Industrial Commission so here awarded it.

The appellant contends that the case is ruled by *Milwaukee v. Industrial Comm.* 185 Wis. 307, 201 N. W. 251. If the governing statutes were now as they were when that case was decided in 1925, this would be correct. But those statutes were amended by ch. 517, Laws of 1927, probably to obviate the ruling of that case. This appears from comparing the governing statutes as they stood in Stats. 1925 and Stats. 1927. In both statutes the death benefit under the instant facts was fixed by sec. 102.09 (4) (b), but (4) (b), Stats. 1927, differs from (4) (b), Stats. 1925. The latter read:

"Where the accident proximately causes permanent partial disability, liability shall exist for such benefit as shall fairly represent the proportionate extent of the impairment of earning capacity in the employment in which the deceased was working at the time of the accident or other suitable employment, caused by such disability."

Sec. (4) (b), Stats. 1927, read the same as sub. (2), sec. 102.47, *supra*.

*By the Court.*—The judgment of the circuit court is affirmed.

The following opinion was filed May 1, 1945:

FOWLER, J. (*on motion for rehearing*). There is a motion for rehearing in which the only point raised is that the court misconstrued sec. 102.47, Stats., in saying:

"Hence as the death of the instant employee occurred 'from cause other than' his accident and 'before his disability indemnity' ceased, it must be made according to sub. (1) as if 'permanent total disability' had resulted, in which case the death benefit is 'the same as if the injury had caused death.' "

The statement quoted is correct as applied to the facts of the instant case because the unaccrued compensation involved exceeds $6,000. The brief contends that the statement is manifestly incorrect because according to it no matter how much less than $6,000 the unaccrued compensation might be in case of death before indemnity ceased the death benefit would be $6,000. This does not follow because we must give effect to sub. (2) of "this section" as well as sub. (1) and sub. (2) expressly limits payment to the "unaccrued compensation" previously allowed and provides that there shall be "no other," —that is, no further payments. Hence there cannot be payments in any such case beyond the amount of the compensation previously allowed for the injury. Sub. (1) applies to limit the amount of the death benefit payment, rather than fix it as the language quoted from the opinion literally taken and disregarding sub. (2) would imply. We think this plainly follows from consideration of "this section" as a whole. The opinion might better have said the death benefit is limited by sub. (1) instead of "it [the death benefit] must be made according to sub. (1)." What should be allowed as death benefit in case of an unaccrued compensation of less than $6,000 is

not involved and there was no occasion or intent to declare or consider the amount of the death benefit in such case.

The motion for rehearing is denied but as it calls attention to an inexact statement in the opinion which calls for the correction here made no costs of motion will be allowed.