St. Mary's Hospital & Training School for Nurses of Sisters of Misericordia, Respondent, vs. Atlas Warehouse & Cold Storage Company, Appellant.

*December 9, 1937—January 11, 1938.*

For the appellant there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge.*

*Philip Sheridan* and *Robert A. Kaftan,* both of Green Bay, for the respondent.

FOWLER, J. The finding of the jury referred to in the preceding statement of facts, that the defendant sent the employee to the plaintiff for hospitalization is amply supported by the evidence. The defendant does not contend otherwise. The defendant's contention is that the evidence shows as matter of fact that the hospital did not extend credit to the defendant, but to the Warren Insurance Agency, and its ledger heading and the sending of the bills to that agency so shows undisputably.

We think that counsel misconceive the basis of liability in this case. Liability does not depend upon to whom credit was extended, but upon who in law was responsible for the payment of the bill. The employee himself was doubtless responsible for payment; the defendant was also responsible for its payment, because the Workmen's Compensation Law (sec. 102.01 *et seq.,* Stats. 1931) made it responsible; and the Surety Company was also responsible for its payment because of its policy of indemnity to the defendant. That the hospital and the defendant both considered the case as

a compensation case is plain. The evidence warrants no other inference. This being so, the defendant was in effect a surety for the employee, and the Surety Company was a surety for the defendant, and therefore for the employee. It nowise discharges the defendant's liability that it procured indemnity insurance, or that for the accommodation of the defendant the plaintiff sought payment from defendant's surety, and failed to recover because of the Surety Company's bankruptcy. Especially is this so because under the undisputed testimony the effort so to collect was made at the suggestion of the defendant, and because it was at the suggestion of the defendant that the bills were sent to the local insurance agent, who was a director and vice-president of the defendant, and had written or procured the indemnity policy for the defendant. From the statutory obligation of the defendant and the other facts stated other than the form of the book entries and the sending of the bills, a contract of the defendant to pay the bill is plainly implied. The contract is one of suretyship in a broad and general sense. 50 C. J. p. 13, § 2. Where the relation of principal and surety exists, efforts to collect from a surety that fail do not relieve the principal, nor do efforts to collect from a surety of the surety relieve either the principal or the surety. Failure of efforts to collect from any one does not relieve any other. This view receives indirect support from *Noer v. G. W. Jones Lumber Co.* 170 Wis. 419, 175 N. W. 784. It was there held that while liability under the Workmen's Compensation Act of an employer to an employee injured in the course of employment is enforceable by the industrial commission, it is also enforceable by action at law. There was in that case an agreement between the employer and the physician that the former would pay the latter for services rendered to the former's employees so injured, but the obligation to pay existed under the act independent of the agreement, and the

reason underlying the right of recovery by action at law in case of an express contract applies as well to a case of implied contract as to a case of an express one.

The defendant contends that even if the defendant was under contractual obligation to pay for the employee's hospitalization, its obligation was limited under sec. 102.42, Stats. 1931, to hospitalization for ninety days. This section does not limit the obligation to ninety days, but provides for liability beyond that period if in the opinion of the industrial commission further hospitalization will tend to lessen the period of compensable disability. This section was construed in *A. D. Thomson Co. v. Industrial Comm.* 222 Wis. 445, 268 N. W. 113, 269 N. W. 253. The court held in its original opinion that the industrial commission has a "reasonable time" in which to determine the question of liability for further hospitalization. In an opinion on rehearing, page 454, the court said: "If an employer or his insurance carrier is furnishing medical and hospital treatment beyond the ninety-day period without objection, there is no controversy, and until objection is made and a controversy arises, there can be no necessity for the commission's expressing its judgment." That is said with reference to proceedings before the industrial commission. But the reason of it applies here. A contract of the defendant to pay for hospitalization arose under the facts involved to pay for hospitalization to be furnished by the plaintiff to the employee. That liability for hospitalization continued until such time as it was terminated by objection by the defendant to further hospitalization at its expense. In the instant case, no objection was interposed to any hospitalization involved. That liability would extend for at least a reasonable time, and no contention is made that it was unreasonably extended or unreasonably furnished in the instant case. We are of opinion that in absence of any objection by the defendant to hospitalization furnished, the

defendant was properly adjudged liable for the amount allowed by the court. It was held in effect in *Ross v. Austin Drilling Co.* 131 Kan. 824, 293 Pac. 757, where an employer was liable under the Workmen's Compensation Act to furnish medical services to an employee, that his liability to pay for such services, whether resting on express or implied contract, extended to all services rendered by the physician, although the liability imposed by statute was limited to $200, when the employer did not indicate an intention to limit his liability to the terms of the statute.

The plaintiff appealed from an order extending the time for settling the bill of exceptions. The bill is on file herein. We find no record of any motion to strike the bill from the record. As the bill of exceptions upholds the judgment, the order extending the time of its settlement did not operate to the prejudice of the plaintiff, and we need not consider whether it was erroneous.

*By the Court.*—The judgment of the circuit court is affirmed.