HASTREITER and husband, Plaintiffs, v. KARAU BUILDINGS, INC., Defendant and Third-Party Plaintiff and Respondent: GAMBLE-SKOGMO, INC., Third-Party Defendant and Appellant.

*No. 302. Submitted under sec. (Rule) 251.54 March 1, 1973.—*
*Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 162.)

For the appellant the cause was submitted on the brief of *Peickert, Anderson, Fisher, Shannon & O'Brien* of Stevens Point.

For the respondent the cause was submitted on the brief of *Crowns, Merklein, Midthun & Hill* of Wisconsin Rapids.

PER CURIAM. The "order" appealed from construed the indemnification clause in the lease as requiring the tenant to hold the landlord harmless from an action by one of the tenant's employees against the landlord for injuries sustained as a result of a fall down stairs of the leased premises which did not have handrails.

The first question is whether the "order" is appealable. The first sentence of sec. 270.54, Stats., provides as follows:

"Judgment may be given for or against one or more of several defendants or in favor of one or more of several plaintiffs, and it may determine the ultimate rights of the parties on each side, as between themselves, either on cross complaint or equivalent pleadings or otherwise, and may grant to the defendant any affirmative relief to which he may be entitled."

A third-party complaint is the equivalent of a cross complaint, the only difference being that the third-party defendant was not made a party to the action by the plaintiff. All the issues between the landlord and the tenant have been resolved by the construction of the lease. Although this construction was called an "order,"

it was an interlocutory judgment and appealable as such.

The tenant argues that it was the failure of the landlord to install handrails on the basement stairs which caused the accident, and relies on the rule that an indemnification clause should not be construed to provide for the indemnification of a party from the effects of his own negligence without clear and unequivocal language.

The rule relied on by the tenant is a rule of construction. The purpose of the construction of an agreement is to ascertain the intent of the parties. Another rule of construction is that, if possible, a reasonable meaning should be given to all the provisions of an agreement.

The trial court determined that this case was controlled by *Herchelroth v. Mahar* (1967), 36 Wis. 2d 140, 153 N. W. 2d 6. The indemnification provisions in that case and this case are strikingly similar. In the *Herchelroth Case* the language was:

". . . The lessor agrees to secure and pay for property damage and public liability insurance on the leased equipment and to save the lessee harmless from any damage thereby during the duration of this agreement. . . ."

The indemnification provision in this case is:

"The Lessee agrees to carry and pay for public liability insurance and to hold the Lessor harmless from any liability arising out of the occupance of said leased premises by the Lessee."

In the *Herchelroth Case* we pointed out that the intention of the parties was to effect in some way the indemnitee's obligation to bear the cost of his negligent actions and the dispute was the extent to which the indemnitor assumed that obligation. We construed the save harmless clause in light of the insurance clause

where it was clear that the purpose was to protect the indemnitee from the consequences of his own negligence. If the obligation of the indemnitor had been limited to the purchase of insurance, the save harmless clause would have been surplusage. We adopted the construction which gave meaning to the save harmless clause.

The same reasoning applies in this case. The purpose of the public liability insurance clause can only be to protect the landlord from some liability which it sustains as the owner of the building. But, having contracted away the right to possession, it is liable only for structural defects or a failure to maintain or repair the building. *McNally v. Goodenough* (1958), 5 Wis. 2d 293, 92 N. W. 2d 890; *Sheehan v. 535 North Water Street* (1954), 268 Wis. 325, 67 N. W. 2d 273.

The public liability insurance clause is intended to protect the landlord from the effects of his own negligence. The only issue is the scope of the protection accorded. To construe the indemnification provision as the appellant argues would be to make the hold harmless clause surplusage.

The judgment is affirmed.