LA CROSSE LUTHERAN HOSPITAL, and another, Plaintiffs-Respondents, v. OLDENBURG, Defendant-Respondent: LA CROSSE RUBBER MILLS, Defendant-Appellant.

*No. 171 (1974). Argued January 6, 1976.—Decided June 2, 1976.*
(Also reported in 241 N. W. 2d 875.)

For the appellant there was a brief by *Harry Sauthoff, Jr.*, and *Hart, Wightman & Thurow*, all of Madison, and oral argument by *Mr. Sauthoff*.

For the respondents there was a brief by *John H. Drew* and *Steele, Smyth, Klos & Flynn-Chartered* of La Crosse, and oral argument by *Mr. Drew*.

DAY, J. The order appealed from overrules the demurrer of defendant La Crosse Rubber Mills Company ("LRM") to an action brought by the plaintiffs hospital and clinic to recover medical expenses incurred by an employee of LRM resulting from an injury allegedly incurred in the course of her employment, and therefore alleged to be compensable under the workmen's compensation statutes, ch. 102, Stats. The issue on appeal is: Does one who furnishes medical services to an employee

have a cause of action against the employer where the liability of the employer under the workmen's compensation act is alleged by the employee, denied by the employer, and compromised by an agreement between the employer and the employee?

The amended complaint in this action states that on March 4, 1970, on the premises of LRM a piece of falling metal caused a head injury to Tena Oldenburg, an employee of LRM. Ms. Oldenburg was treated for her injury at La Crosse Lutheran Hospital between the time of the accident and mid-July, 1970, incurring charges of $10,275.59. She was treated by Gunderson Clinic between the time of the accident and the end of March, 1974, incurring expenses of $3,643.45.

On March 20, 1971, Ms. Oldenburg and LRM's insurer, Employer's Insurance of Wausau, entered into a "compromise" agreement, incorporated in plaintiffs' complaint, the relevant portion of which is as follows:

"WHEREAS, it is claimed by the employer and its insurance carrier, Employers Insurance of Wausau, that, if the employee sustained injury, such injury did not result in any disability, either temporary or permanent, or the necessity for any surgery, and, further, that any disability suffered by the employee and treatment were due to causes entirely unrelated to the injury of March 4, 1970;

"NOW, THEREFORE, in view of the controversy existing between the undersigned employee and the employer and insurance carrier, said parties have agreed to compromise their differences by payment of the sum of Twenty Thousand and no/100 Dollars ($20,000.00)."

This compromise agreement was approved by the Department of Industry, Labor, and Human Relations ("DILHR"). Neither of the plaintiffs in the case at bar was a party to the compromise; and the compromise made no provision for payment of the hospital and clinic bills. Plaintiffs allege they never were paid for services rendered to Tena Oldenburg. LRM allegedly knew of the

hospitalization and treatment of Ms. Oldenburg and made no objection to it.

The complaint alleges that Ms. Oldenburg's injury was compensable under the workmen's compensation law and claims that, as a matter of law, "LRM became obligated to furnish the medical services supplied by the plaintiffs."

LRM contends that jurisdiction over liabilities arising under the workmen's compensation statute is vested exclusively in DILHR, which determines such liability in accordance with the procedures described in ch. 102, Stats. Sec. 102.03 (2), provides that:

". . . the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the workmen's compensation insurance carrier."

DILHR is charged with the administration of the workmen's compensation law.[1]

In two earlier cases this court held that a liability arising under ch. 102, Stats., may under some circumstances, be tested directly in the courts. In *Noer v. G. W. Jones Lumber Co.* (1920), 170 Wis. 419, 175 N. W. 784, a physician sued an employer for services rendered to an employee pursuant to a specific contract with the employer. This court rejected the employer's contention that only the then-Industrial Commission could determine the reasonableness of the charges claimed, holding that the courts had jurisdiction. *Noer* is distinguishable from the present case in that there the action was based on an express contract between the employer and the physician. Here the action is based on the "implied contract of surety" between the employer and plaintiffs hospital and clinic.

In *St. Mary's Hospital v. Atlas Warehouse & C. S. Co.* (1938), 226 Wis. 568, 277 N. W. 144, this court said

[1] "102.14 **Jurisdiction of department; advisory committee.** (1) This chapter shall be administered by the department.

there was an implied "contract of surety" between an employer and one furnishing medical services to an employee. In that case a hospital sued an employer to recover the value of services rendered to an injured employee. The case is distinguishable from the case at bar for the reason that there liability on the part of the employer was admitted; in this case, in the compromise agreement, liability on the part of the employer is specifically denied. The *St. Mary's Case* is further distinguished in that no payment in settlement of the claim had been made to the employee.

The case before us involves the question of the employer's liability where a compromise agreement between the employer and the employee has been entered into in which the employer specifically denies liability under the workmen's compensation act. Provision for such compromise agreements is implied in the workmen's compensation act.[2]

The public policy, as expressed in the statute, is to permit compromise between employers and employees

[2] Wis. Stats. 1969:

"102.16 **Submission of disputes, contributions by employes.** (1) Any controversy concerning compensation, including any in which the state may be a party, shall be submitted to the department in the manner and with the effect provided in this chapter. Every compromise of any claim for compensation may be reviewed and set aside, modified or confirmed by the department within one year from the date such compromise is filed with the department, or from the date an award has been entered, based thereon, or the department may take such action upon application made within such year. Unless the word 'compromise' appears in a stipulation of settlement, the settlement shall not be deemed a compromise, and further claim shall not be barred except as provided in s. 102.17 (4) irrespective of whether award is made. The employer or insurer shall have equal rights with the employe to have review of a compromise. Upon petition filed by the employer or insurer with the department within one year from any award upon a stipulation of settlement the department shall have power to set aside said award or otherwise determine the rights of the parties."

where liability is disputed. No third-party claimant against an employee should be permitted to interfere with a compromise agreement between an employee and an employer. Otherwise, the parties could be forced to litigate the matter before DILHR when neither of them wants to risk an all-or-nothing contest.

The effect of such a compromise, permitted by the statutes, which in effect denies liability on the part of the employer, is the same as far as third parties are concerned, as would be a finding by the commission that the employer had no liability. Payment by the employer under the compromise satisfied any obligation that the employer may have had under the act.

We hold that, under the facts as set forth in the complaint, the plaintiffs have no cause of action against the defendant, and that the demurrer should have been sustained.

The defendant also challenges the jurisdiction of the circuit court over liabilities arising under the workmen's compensation act. Having decided this case on the merits for the defendant, we do not choose, on this record, to consider this question.

*By the Court.*—Order reversed and cause remanded with directions to dismiss the complaint.