Francis PIGEON (Deceased) and Frances Pigeon,
Plaintiffs-Respondents,†

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS,
State of Wisconsin, Defendant-Co-Appellant,

EMPLOYERS INSURANCE OF WAUSAU, Defendant-Appellant,

MURRAY MACHINERY, Defendant.

Court of Appeals

*No. 80–2200. Submitted on briefs October 13, 1981.
—Decided December 22, 1981.*
(Also reported in 316 N.W.2d 117.)

† Petition to review granted.

For the appellant Employers Insurance of Wausau there was a brief by *Kathleen E. Grant* and *Schuch, Rouse, Bartells & Wilson* of Wausau.

For the co-appellant Department of Industry, Labor and Human Relations the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, and *Lowell E. Nass*, assistant attorney general.

For the respondents the cause was submitted on the brief of *Robert E. Gratz, Virginia M. Antoine*, and *Goldberg, Previant, Uelmen, Gratz, Miller, Levy & Brueggeman, S.C.*, of Milwaukee.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. The Department of Industry, Labor and Human Relations (DILHR) and Employers Insurance of Wausau appeal from a circuit court judgment reversing a decision of the Labor and Industrial Review Commission (LIRC) and an order remanding the case for further proceedings. The circuit court held that sec. 102.51 (5), Stats., allows an employee to compromise only his own claims. Because a compromise of liability made under that section may affect the amount due his dependents in their later claims, we reverse. Neither the compromise nor the statute forecloses a dependent from ap-

plying for death benefits. Since full payment has been made under the compromise, however, no benefits are due regardless of the cause of the employee's death. We therefore remand the case for reinstatement of the DILHR order dismissing it.

In 1969 Francis Pigeon filed for worker's compensation benefits, alleging that he was totally disabled by emphysema caused by occupational exposure to silica dust. The employer and its insurer contested both the cause and degree of Pigeon's disability, contending that Pigeon's disability was not total and that his emphysema was caused by cigarette smoking rather than silicosis. The parties entered into a compromise agreement, which provided for partial disability payments to Pigeon.[1] The compromise was approved in an order dated August 18, 1971, and benefits were paid by the insurer accordingly.

After Pigeon's death in 1977, his widow applied for death benefits, attempting to show that emphysema and silicosis caused his death. The hearing examiner determined "that since the compromise was a settlement not only of the extent of the deceased's disability but also its cause said compromise was of all liability and binding upon the dependents of the deceased as provided by Section 102.51(5), Wisconsin Statutes."[2] The examiner dismissed the claim. Two questions must be addressed: (1) Can an employee's compromise foreclose the future

---

[1] "That because of the *bona fide* disputes between the parties hereinbefore referred to, the parties herewith agree to a compromise settlement as follows: 1) That applicant shall be entitled to partial permanent disability of 50% of the body as a whole, said disability figure to be reduced by reason of the age factor by 22½%***."

The deceased gave up his claim for total permanent disability caused by occupational silicosis in return for the insurer's agreement to compensate him for fifty percent permanent partial disability.

[2] Record, at 117.

claim of his dependents for death benefits; and, if so, (2) did Pigeon do so by this compromise.

Questions of statutory interpretation are questions of law, reviewable by the circuit court and this court. *Berns v. WERC*, 99 Wis. 2d 252, 260, 299 N.W.2d 248, 253 (1980). We accord great weight to the agency's construction of a statute, particularly when the agency's application has been consistent, because the agency is charged with the duty of applying the law, but we are not bound by it. *Schwartz v. DILHR*, 72 Wis. 2d 217, 221, 240 N.W.2d 173, 175 (1976).

The separate claim rule is stated: "[D]eath benefits are not affected by compromises or releases executed by decedent, or by an adverse holding on decedent's claim, or by claimant's failure to claim within the statutory period." 2 Larson, Workmen's Compensation Law § 64.00 (1981). "The dependents' right to death benefits is created directly by statute; it is not derived from the rights of the deceased employee." 2 Larson, Workmen's Compensation Law § 64.11 (1981), citing *Milwaukee Coke & Gas Co. v. Industrial Comm'n*, 160 Wis. 247, 151 N.W. 245 (1915).[3] The practical effect of this case was modi-

---

[3] [T]he Workmen's Compensation Act undoubtedly contemplates the existence of two distinct claims for indemnity: one by the employee himself, for his temporary disablement, and one by the dependents for the death, neither of which claims can be discharged by the owner of the other claim. This clearly appears from the provisions . . . which, in fixing the amount to be paid to dependents, provide for the deduction of the disability indemnity already paid or due to the employee at the time of his death; also from sub. 6 of sec. 2394–10, Stats., which provides that no dependent shall, during the lifetime of the employee, be a party in interest to a proceeding by such employee for compensation nor to the compromise thereof by the employee. *Milwaukee Coke & Gas Co. v. Industrial Comm'n*, 160 Wis. 247, 251, 151 N.W. 245, 246 (1915); *see City of Milwaukee v. Industrial Comm'n*, 185 Wis. 307, 201 N.W. 251 (1924).

fied by a 1927 amendment to the part of the Act that is now sec. 102.51(5), which permits an employee's compromise of all liability to be binding upon dependents.[4] DILHR's 1929 pamphlet on the Act explained: "This amendment makes clear than an injured employe shall have the right to enter into a settlement, subject to the approval of the Industrial Commission, which shall operate to extinguish all liability on the part of the employer either toward him or toward his dependents."[5] Such annotations are relevant in construing statutes. *Green Bay Packaging, Inc. v. DILHR,* 72 Wis. 2d 26, 34, 240 N.W.2d 422, 427 (1976).

We conclude that under the Wisconsin Worker's Compensation Act, an employee's compromise is binding on the claims of his dependents. The circuit court was persuaded that a 1931 revision of what is now sec. 102.51(5) changed its plain meaning "to restrict an employee from being able to compromise all possible claims. He is restricted to compromising only his own claims."[6] We hold that the change in language had no effect on this application of the statute because (1) the language

---

[4] Section 102.51(5), Stats., provides:

No dependent of an injured employe shall be deemed a party in interest to any proceeding by him for the enforcement of his claim for compensation, nor as respects the compromise thereof by such employe. Subject to § 102.16(1), a compromise of all liability entered into by an employe shall be binding on his dependents.

Section 102.16 describes the procedure for departmental approval and review of compromises and states: "Unless the word 'compromise' appears in a stipulation of settlement, the settlement shall not be deemed a compromise, and further claim shall not be barred except as provided in § 102.17(4) irrespective of whether award is made." The word "compromise" appears in the agreement between the decedent and the insurer.

[5] Workmen's Compensation Act, DILHR, n. 37 (1929).

[6] Circuit court opinion dated October 3, 1980. Record 104, at 4.

was changed by a revisor's bill, which expressly stated that "[t]he meaning of the chapter remains the same as before"[7] and (2) the change in language does not affect the meaning of the sentence, particularly as applied to the facts of this case.[8] An employee may affect the claims of his dependents by compromise.[9]

It does not necessarily follow, however, that an employee's execution of a compromise extinguishes his dependents' later claim for death benefits. This depends upon what the agreement in fact compromised.

In this case, both cause and extent of the disability were contested when the employee sought disability com-

---

[7] Revisor's Note, 1931, to ch. 102, Stats. (1933). *See* § 990.001 (1), Stats.

[8] Prior to the change, the statute read: "No dependent of an injured employee shall be deemed . . . a party in interest to any proceeding by him for the enforcement or collection of *any* claim for compensation, nor as respects the compromise thereof by such employe. Subject to the provisions of sec. 102.16(1), a compromise of all liability entered into by an employe shall be binding on his dependents." Section 102.09(4u), Stats. (1929) [emphasis added]. The 1931 revision changed the emphasized "any" to "his" and dropped "or collection." Both versions retain the phrase "to any proceeding by him." Claims for death benefits are never brought by the employee. In addition, the last sentence remains the same, expressly allowing an employee to enter .into compromises which, when approved by DILHR, are binding on his dependents.

[9] The fact that an employee executed a compromise during his life does not, however, extinguish his dependents' claim. A claim for death benefits is still distinct from the employee's claim for disability. The statute does not authorize an employee to waive his dependents' right to death benefits in a compromise. His compromise of the employer's liability may, however, permissibly effect the same result, as a practical matter, because the amount of death benefit depends in part on the amount the employee was paid and owed for disability. *See* §§ 102.44, 102.46 and 102.47, Stats.

pensation. The compromise of these issues is binding on dependents. Even if, on remand, the applicant successfully contended that the injury proximately resulted in her husband's death, the amount of benefits under sec. 102.46, Stats. (1977), when she made her claim, "shall not exceed seventy percent of weekly wage for the number of weeks set out in paragraphs (a) and (b) of subsection (3) of section 102.44, based on the age of the deceased at the time of his injury." This is precisely the measure used to compute the employee's permanent partial disability compensation under the compromise. Thus, though the compromise in this case may not extinguish the dependents' right to seek death benefits, because of the compromise there are no further benefits available to Pigeon's widow. Payment by the employer under the compromise of cause and degree of liability has satisfied any obligation that the employer may have had under the Act. *See La Crosse Lutheran Hospital v. Oldenburg,* 73 Wis. 2d 71, 75, 241 N.W.2d 875, 977 (1976).

*By the Court.*—Judgment and order reversed and cause remanded for dismissal in accordance with this opinion.