EAU CLAIRE COUNTY, a quasi-municipal corporation, Petitioner-Appellant,

V.

DEPARTMENT OF NATURAL RESOURCES, State of Wisconsin, Respondent.

Court of Appeals

*No. 83–1472. Submitted on briefs February 27, 1984.—Decided April 24, 1984.*
(Also reported 349 N.W.2d 723.)

For the appellant the cause was submitted on the brief of *Carl T. Bahnson,* assistant corporation counsel, Eau Claire.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Thomas L. Dosch,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.  Section 144.443 (2) (a), Stats., requires sanitary landfill operators to maintain proof, satisfactory to the Department of Natural Resources, that their landfills will be properly closed and cared for after they are closed. The DNR sets the closing and care requirements and estimates the closing and care costs. The landfill operator must provide a bond covering these costs or in some other manner guarantee that the costs will be covered. Because the DNR acted reasonably and within its authority in estimating the costs in this case, and because its decision is not an unexplained deviation from its prior practice, we affirm the circuit court judgment.

The DNR estimated the closing and care costs for Eau Claire County's Seven Mile Creek Sanitary Landfill based on the DNR's cost of having the work done by an independent contractor. Eau Claire County contends that the cost estimates should have been based on the county's cost of doing the work with its own work crews and equipment. The circuit court rejected the county's argument and affirmed the DNR's decision.

The circuit court must uphold the DNR's decision unless it finds a basis for changing the decision under a specific provision of sec. 227.20 (2), Stats. A court may not substitute its judgment for that of an agency on an issue of discretion, sec. 227.20 (8), Stats., and must accord due weight to the experience, technical competence, and specialized knowledge of the agency, sec. 227.20 (10),

Stats. A court should also accord great weight to an agency's interpretation of a statute that it administers. *Pigeon v. DILHR*, 106 Wis.2d 135, 138, 316 N.W.2d 117, 118 (Ct. App. 1981).

We agree with the circuit court that there is no basis for changing the DNR's decision. The purpose of requiring a bond or other guarantee from a sanitary landfill operator is to ensure that enough money will be available when a landfill is closed to protect the environment and the public health and safety from the hazards posed by the landfill. *See* sec. 144.445(1)(c), Stats. The DNR is authorized to independently contract for closure and long-term care of a landfill if the operator of the landfill fails to do the work. Section 144.443(11)(b), Stats. The amount of the bond, therefore, does not merely guarantee that the operator will do the work. If the DNR can independently contract to have the work done, it is reasonable for the DNR to base its cost estimates on this possibility. We can find no statutory exception simply because the landfill operator is a county.

The DNR's decision in this case is not an unexplained deviation from its prior practice in violation of sec. 227.20(8). Its one earlier decision estimating costs for another county landfill based on county employees doing the work was made shortly after the DNR began administering the statute. The DNR has since notified that county that its costs would be recalculated to reflect the cost of an independent contractor doing the work. This single decision under the circumstances does not amount to a prior practice and, even if it did, the DNR's explanation for changing its earlier decision is reasonable.

*By the Court.*—Judgment affirmed.