Frank UDELHOFEN, Plaintiff-Respondent and Cross-Appellant,

v.

## JOHN HANCOCK MUTUAL LIFE INSURANCE CO., Defendant-Appellant and Cross-Respondent. †

Court of Appeals

*No. 84–1135. Argued September 23, 1985—Decided December 12, 1985.*
(Also reported in 381 N.W.2d 579.)

For the defendant-appellant and cross-respondent there were briefs by *Richard R. Grant* and *Consigny, Andrews, Hemming & Grant, S.C.* of Janesville and oral argument by *Richard R. Grant.*

---

† Petition to review denied.

For the plaintiff-respondent and cross-appellant there were briefs by *Richard E. Rosenberg* and *Nowlan & Mouat* of Janesville and oral argument by *Richard E. Rosenberg*.

Before Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J.   John Hancock Mutual Life Insurance Company appeals from a judgment for $28,000 plus interest and costs in favor of Frank Udelhofen on a group health policy John Hancock issued to Udelhofen's employer. The policy excludes injuries or disease "compensable under any Workmen's Compensation or . . . related to any event for which compensation was received under any Workmen's Compensation." The issue in John Hancock's appeal is whether the exclusion survives a compromise agreement between Udelhofen and his employer on his worker's compensation claim. We hold that the exclusion survives the compromise agreement. We therefore reverse the judgment and order a new trial on the applicability of the exclusion. We do not reach Udelhofen's cross appeal.[1]

The pertinent facts are undisputed. Udelhofen was permanently totally disabled in 1975. His employer contested his workers compensation claim. The Labor and Industry Review Commission ordered the employer to pay compensation benefits. The circuit court affirmed the award and the employer appealed. While the appeal was pending, Udelhofen and the employer entered a compromise agreement on the basis of which

---

[1] Udelhofen argues on the cross appeal that John Hancock's denial of his claim showed bad faith, the verdict was predicated on errors in the testimony and instructions, and interest allowed on the judgment was inadequate.

the Department of Industry, Labor and Human Relations ordered the employer to pay Udelhofen, his attorney and John Hancock.[2] The agreement recites the employer's position that at the time of his injury, Udelhofen was not performing services growing out of and incidental to his employment and that the employer is not liable for compensation. The claim was compromised on payment of $324,853.36, to be distributed as follows: $240,000 to Udelhofen, of which $140,000 was for future medical expenses and $100,000 was for disability; $60,000 to his attorney; and $24,853.36 to John Hancock to reimburse it for past payments to Udelhofen under its group health policy. The agreement is silent on Udelhofen's right under the group policy to recover future medical expenses. John Hancock was not a party to the agreement.

Udelhofen later incurred medical expenses related to his 1975 injury. John Hancock denied his claim for $28,000 on the group policy. The amount of the claim is undisputed. Udelhofen commenced this action against John Hancock on the group policy and for bad faith denial of his claim.

Relying on *La Crosse Lutheran Hospital v. Oldenburg,* 73 Wis.2d 71, 241 N.W.2d 875 (1976), the trial court held that because DILHR's order approving the compromise agreement was equivalent to a finding that the employer had no liability to Udelhofen for workers compensation, the exclusion in John Hancock's policy does not apply. The case was tried to a jury solely on the bad faith issue. The jury found no bad faith.

---

[2] Section 102.16(1), Stats., permits compromising a claim for workers compensation.

We disagree with the trial court's reasoning. *La Crosse Lutheran Hospital* involved only the employer's liability to third persons. The Supreme Court therefore framed the issue in that case as follows: "The case before us involves the question of the employer's liability where a compromise agreement between the employer and the employee has been entered into in which the employer specifically denies liability under the workmen's compensation act." *Id.* at 74, 241 N.W.2d at 877. The court refused to permit a third-party claimant against the employee "to interfere with" the compromise. *Id.* at 75, 241 N.W.2d at 877. The court held that if such a compromise was entered, third persons who furnished medical services to the injured employee had no cause of action against the employer. The court therefore had reference only to the employer's liability when it said, "[t]he effect of such a compromise . . . is the same as far as third parties are concerned, as would be a finding by the commission that the employer had no liability." *Id.*[3]

The facts before us differ markedly from those in *La Crosse Lutheran Hospital.* Here, no claim is asserted against the employer. The liability of the employer for worker's compensation will be unaffected by the grant or denial of the claim against John Hancock

---

[3] No "finding by the commission that the employer had no liability" was made when DILHR ordered the employer to pay as provided in the compromise agreement. Nor is such a finding made when DILHR is called upon to set aside, modify or confirm the compromise within the one year allowed under sec. 102.16(1), Stats. An order confirming a compromise "neither denies compensation nor does it make an award." *Meyer v. Industrial Comm.,* 13 Wis.2d 377, 381, 108 N.W.2d 556, 558 (1961) (quoting *Harrison v. Industrial Comm.,* 246 Wis. 106, 108, 16 N.W.2d 303, 303 [1944]).

on its group health policy. The compromise will be unaffected. The only effect will be on the third party's liability to the employe. The *La Crosse Lutheran Hospital* holding is not pertinent to the liability of the third party.

We hold that the compromise agreement does not deprive John Hancock of the right to litigate whether Udelhofen's injuries or disease come within the policy exclusion: i.e., were compensable under any worker's compensation law or related to any event for which compensation was received under any worker's compensation law. We so hold because John Hancock was not a party to the compromise agreement. As a general rule, a contract between two persons is not binding on persons who are not in privity to it. *Prinsen v. Russos,* 194 Wis. 142, 145, 215 N.W. 905, 906 (1927).

Our holding is consistent with the legislative policy on compromise in worker's compensation cases. That policy permits the parties to avoid litigation before DILHR when neither wants to risk an all-or-nothing contest, *La Crosse Lutheran Hospital,* 73 Wis.2d at 75, 241 N.W.2d at 877, and to enable "an injured employee to negotiate a settlement and bypass the costs and uncertainty of litigation." *Pigeon v. ILHR Department,* 109 Wis.2d 519, 525, 326 N.W.2d 752, 756 (1982). The employe is free to settle without risking an all-or-nothing contest or a finding by DILHR adverse to the employe's rights under a policy containing an exclusion of the type involved.

*By the Court.*—Judgment against John Hancock Mutual Insurance Company reversed and the matter remanded for new trial on the plaintiff's policy claim. No costs to either party.