Adam MARTINE and Christen Martine,
Plaintiffs-Appellants,†

MERCYCARE INSURANCE COMPANY,
Involuntary-Plaintiff,

v.

Quentin J. WILLIAMS and Sentry Insurance
Company, Defendants-Respondents.

Court of Appeals

*No. 2010AP1426. Submitted on briefs January 5, 2011.
—Decided April 21, 2011.*

2011 WI App 68

(Also reported in 799 N.W.2d 449.)

† Petition for Review Filed.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *James A. Carney* and *Jennifer N. Dye* of *Carney, Davies & Thorpe, LLC*, Janesville.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Nathan J. Bayer* and *Patrick W. Brennan* of *Crivello Carlson, S.C.*, Milwaukee.

Before Vergeront, P.J., Lundsten and Sherman, JJ.

¶ 1. SHERMAN, J. Adam Martine and his wife, Christen Martine, appeal a judgment of the circuit court dismissing their negligence action against Quentin Williams and Williams' insurer, Sentry Insurance Company (collectively Williams), on summary judgment. The circuit court determined that the Martines' exclusive remedy is the Wisconsin's Worker's Compensation Act (the "Act") because Adam, who had previously filed a worker's compensation action against his employer, had entered into a compromise agreement with his employer and had accepted worker's compensation benefits under that agreement. The Martines claim that the circuit court's determination was erroneous because the compromise did not trigger the application of the Act's exclusive remedy provision, WIS. STAT. § 102.03(2).[1] We disagree and affirm.

## BACKGROUND

¶ 2. On June 17, 2007, Adam sustained injuries to his leg at his place of employment, United Ethanol,

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

a/k/a United Cooperative.[2] The facts surrounding Adam's injury are undisputed. Adam, while walking to refill his water bottle at work, flicked water at Williams, who was also working at United Cooperative at the time. Williams then approached Adam and grabbed him from behind and "gently went to place [Adam] onto the ground." Adam's leg was injured as a result.

¶ 3. Following his injury, Adam filed a claim for worker's compensation benefits. United Cooperative and its worker's compensation insurance provider, Michigan Millers Mutual Insurance Company (collectively United Cooperative), disputed that Adam's injury arose from his employment, purportedly because the injury occurred while Adam was engaging in horseplay.

¶ 4. Adam and United Cooperative ultimately entered into a compromise agreement wherein Adam agreed to release United Cooperative from "any and all liability" in exchange for $3,500.[3] The compromise agreement provided that United Cooperative:

dispute[s] whether at the time of injury [Adam] was performing service growing out of and incidental to employment, whether the accident causing injuries arose out of the alleged employment, as well as the nature and extent of any injuries.

The compromise agreement further provided that "this is a settlement and full and final compromise of disputed claims as set forth above."

¶ 5. Following Adam's and United Cooperative's compromise agreement, an administrative law judge (ALJ) at the Worker's Compensation Division of the Department of Workforce Development entered an or-

---

[2] United Cooperative is not a party to this action.

[3] Of that sum, Adam's law firm was to receive $700.00 as its fee and 154.75 as reimbursement of its costs. Adam was to receive the balance.

der adopting the compromise agreement and ordering that "[w]ithin twenty-one (21) days of the date of this order, the respondent and its insurance carrier shall pay to the applicant" the sums detailed in the compromise agreement. The ALJ's order further stated that "[a] valid dispute exists between the parties which is the proper subject matter for a compromise."

¶ 6. Following Adam's compromise agreement with United Cooperative, both Martines commenced the present action against Williams, seeking to recover damages for Williams' alleged negligence in causing injury to Adam's leg. Williams moved the circuit court for summary judgment on the basis that the Act was the exclusive remedy available to the Martines against United Cooperative or any of its employees with respect to the injury sustained by Adam to his leg. The Martines argued that the exclusive remedy provision of the Act did not apply, or at the very least, that summary judgment is not appropriate. They asserted that the compromise agreement did not settle the issue of whether the accident arose out of Adam's employment, or whether the claim was covered by the Act,

¶ 7. The circuit court concluded that because Adam had already asserted a claim that his injuries are covered by the Act, and he had accepted a benefit under the Act, albeit by compromise, Adam's exclusive remedy was to pursue a claim under the Act. Accordingly, the court entered summary judgment in favor of Williams. The Martines appeal.

## DISCUSSION

¶ 8. The Martines contend that summary judgment in favor of Williams and his insurer was incorrect in this case because the Act is not Adam's exclusive remedy for the injury he sustained to his leg. The

207

Martines argue that the compromise agreement did not trigger the exclusive remedy provision of WIS. STAT. § 102.03(2) because that provision only applies where the requirements for liability under § 102.03(1) are established. The Martines claim that the compromise agreement does not support a finding that those requirements are met.

## I. Standard of Review

¶ 9. We review summary judgment *de novo,* using the same methodology as the circuit court. *Hardy v. Hoefferle,* 2007 WI App 264, ¶ 6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶ 10. Summary judgment in this case depends upon the interpretation of WIS. STAT. § 102.03. Statutory construction presents a question of law which is subject to our *de novo* review. *State v. Cole,* 2000 WI App 52, ¶ 3, 233 Wis. 2d 577, 608 N.W.2d 432.

## II. Exclusive Remedy

¶ 11. The purpose of the Act is to " 'provide prompt justice for injured workers and to prevent, as far as possible, the delays that might arise from protracted litigation.' " *County of Dane v. LIRC,* 2009 WI 9, ¶ 34, 315 Wis. 2d 293, 759 N.W.2d 571 (quoted source omitted). In exchange for recovery irrespective of the employee's fault and irrespective of the employer's fault, an employee is " 'obliged to accept a limited and scheduled compensation award.' " *Id.* (quoted source

omitted). The employee is also restricted in his or her ability to pursue alternative remedies against his or her employer or co-workers. If an injury is covered by the Act, "the right to the recovery of compensation under [it] shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier." Wis. Stat. § 102.03(2).

## A. The Effect of Byers in Light of Blum

¶ 12.   The circuit court determined as a matter of law that Adam's injuries are covered by the Act and that the Act is therefore his exclusive remedy. The court concluded that by bringing a claim under the Act asserting entitlement to benefits under it and then settling his claim under the Act by a compromise agreement, Adam "waived the right to pursue remedies that [are] inconsistent with that claim." The court relied on *Marson v. LIRC*, 178 Wis. 2d 118, 503 N.W.2d 582 (Ct. App. 1993). The court might also have relied on *Finnell v. DILHR*, 186 Wis. 2d 187, 519 N.W.2d 731 (Ct. App. 1994), *Schachtner v. DILHR*, 144 Wis. 2d 1, 422 N.W.2d 906 (Ct. App 1988), and *Norris v. DILHR*, 155 Wis. 2d 337, 455 N.W.2d 665 (Ct. App. 1990). In all four cases this court held that the Act was the exclusive remedy for an injury which was the subject of a worker's compensation claim compromise agreement. All four cases were overruled on other grounds by the Wisconsin Supreme Court in *Byers v. LIRC*, 208 Wis. 2d 388, 561 N.W.2d 678 (1997).

¶ 13.   Prior to last year, this court applied a general rule regarding court of appeals' cases reversed by the supreme court that "holdings not specifically reversed on appeal retain precedential value." *Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, ¶ 44, 326 Wis. 2d

209

729, 786 N.W.2d 78 (citation omitted). When *Blum* was before us, we extended that general rule to court of appeals' holdings not specifically overruled by the supreme court. *Blum v. 1st Auto & Cas. Ins. Co.*, 2009 WI App 19, ¶ 16, 315 Wis. 2d 822, 762 N.W.2d 819 (Ct. App. 2008).

¶ 14.  In *Blum,* the supreme court addressed the precedential value of an opinion of the court of appeals when the supreme court overrules part of that opinion in the context of reviewing a different opinion. The supreme court in *Blum* held that "[a] court of appeals decision loses all precedential value when it is overruled by this court." *Blum*, 326 Wis. 2d 729, ¶ 3. After reviewing the constitutional functions of the supreme court and the court of appeals, the supreme court concluded:

> For these reasons, we conclude that a court of appeals decision expressly overruled by this court no longer retains any precedential value, unless this court expressly states that it is leaving portions of the court of appeals decision intact.

*Id,* ¶ 56.[4]

¶ 15.  Thus, we may not rely on *Marson* or similar cases that have been overruled by *Byers*. We acknowledge that this is a retroactive application of the new *Blum* holding, but we discern no reason for applying *Blum* prospectively only. In fact, the very concept is retrospective, looking back, as it does, on prior cases that have been overruled. Accordingly, we look elsewhere for a resolution of this issue.

---

[4] Notably, the supreme court's specific holding in *Blum* speaks only in terms of overruled cases. *See Blum v. 1st Auto & Cas. Ins. Co.*, 2010 WI 78, ¶¶ 42, 45, 326 Wis. 2d 729, 786 N.W.2d 78. Although it is not immediately apparent why the *Blum* court's conclusion should not also apply to reversals, we do not address that topic.

## B. Statutory Construction of WIS. STAT. § 102.03(2)

¶ 16. The Martines argue that the question of whether Adam's injury is covered by the exclusive remedy provision of the Act can be resolved only by statutory construction. The Martines assert that the express language of WIS. STAT. § 102.03(2), which states that "[w]here such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer," suggests that the exclusive remedy provision applies only when the conditions set forth in § 102.03(1) are all present.

¶ 17. WISCONSIN STAT. § 102.03(1) reads in pertinent part:

> (1) Liability under this chapter shall exist against an employer only where the following conditions concur:
>
> (a) Where the employee sustains an injury.
>
> (b) Where, at the time of the injury, both the employer and employee are subject to the provisions of this chapter.
>
> (c)1. Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment.

¶ 18. The Martines argue that the compromise agreement leaves unresolved whether Adam and United Cooperative are subject to the provisions of the Act and whether Adam was "performing service growing out of and incidental to his . . . employment" at the time of the injury. *See* WIS. STAT. § 102.03(1)(c)1. Thus, according to the Martines, the facts fail to satisfy the requirement of § 102.03(2) that all conditions of § 102.03(1) exist for the exclusive remedy provision to apply. We disagree.

211

¶ 19.  "The goal of statutory construction is to ascertain and give effect to the intent of the legislature." *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). As the Martines correctly point out, our interpretation of a statute always begins first with the language of the statute itself. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. However, this does not mean that a single word or phrase must be considered in a vacuum.

¶ 20.  We construe statutory language in the context "within which it is used, 'not in isolation but as part of a whole; in relation to the language of surrounding or closely related statutes; and reasonably, to avoid absurd or unreasonable results.'" *State v. Warbelton*, 2008 WI App 42, ¶ 13, 308 Wis. 2d 459, 747 N.W.2d 717 (quoted source omitted). "It is certainly not inconsistent with the plain-meaning rule to consider the intrinsic context in which statutory language is used; a plain-meaning interpretation cannot contravene a textually or contextually manifest statutory purpose." *Kalal*, 271 Wis. 2d 633, ¶ 49.

¶ 21.  WISCONSIN STAT. § 102.03(2) is part of a comprehensive statutory framework that governs the compensation of workers for job-related injuries, while exempting employers from tort liability.[5] *See Nelson v. Rothering*, 174 Wis. 2d 296, 302, 496 N.W.2d 87 (1993).

---

[5] The supreme court explained in *Nelson v. Rothering*, 174 Wis. 2d 296, 302, 496 N.W.2d 87 (1993), that:

> Worker's [c]ompensation is a legislatively enacted compromise designed to bring employers and employees together in a mutually beneficial scheme of guaranteeing benefits in the event of work-related injury and disease. The compromise offers employees certain and speedy financial assistance, even if the employer be without fault, in return for exempting employers from tort liability.

Compromise agreements are specifically authorized by the Act. Wisconsin Stat. § 102.18(1)(a) provides that "[a]ll parties shall be afforded opportunity for full, fair, public hearing after reasonable notice, but disposition of application may be made by compromise, stipulation, agreement, or default without hearing."

¶ 22.  The Act also treats a compromise settlement as an adjudication under the statute. Wis. Stat. § 102.16(1) provides that "[e]very compromise of any claim for compensation may be reviewed and set aside, modified or confirmed by the department within one year from the date the compromise is filed with the department . . . ." In the present case, the compromise settlement agreement was filed with the Department of Workforce Development and the ALJ issued an order adopting the terms of the compromise as the disposition of the claim.

¶ 23.  In *La Crosse Lutheran Hosp. v. Oldenburg*, 73 Wis. 2d 71, 241 N.W.2d 875 (1976), the Wisconsin Supreme Court considered whether a claim against an employer by a provider of medical care to an injured employee was precluded under the Act. The injured employee and employer had entered into a compromise agreement under what was then called the Workmen's Compensation Act. As in the present case, the compromise agreement in *La Crosse* contained a denial of liability by the employer. The supreme court concluded that the compromise agreement precluded any third-party claims, stating that "[p]ayment by the employer under the compromise satisfied any obligation that the employer may have had under the [A]ct." *Id.* at 75.

¶ 24.  The statutory language expresses a public policy in Wisconsin to encourage compromise between employers and employees where liability is disputed, so that the parties are not "forced to litigate the matter

213

before DILHR when neither of them wants to risk an all-or-nothing contest." *Id.* The compromise settlement in the present case is consistent with that public policy.

¶ 25. In the worker's compensation claim filed by Adam, United Cooperative purportedly claimed that Adam's and Williams' behavior constituted horseplay and that an employee engaging in horseplay is not "performing service growing out of and incidental to his . . . employment." *See* WIS. STAT. § 102.03(1)(c)1. However, "minor acts of horseplay may be found to be insubstantial." *Bruns Volkswagen, Inc. v. DILHR*, 110 Wis. 2d 319, 322, 328 N.W.2d 886 (Ct. App 1982). Adam, while not wanting to "risk an all-or-nothing contest," still had a claim and no more conceded his position in entering into the compromise agreement than did United Cooperative concede its denial of that claim. The fact that Adam received a financial settlement, albeit a small one, indicates that his claim was not abandoned, but rather, as the ALJ stated in the order, "adjust[ed]."

¶ 26. The compromise settlement was not an agreement that the Act did not apply, but rather a compromise with the effect that United Cooperative's liability was limited to the amount agreed to under the compromise agreement. The disputed facts regarding whether Adam was "performing service growing out of . . . his . . . employment" are not material to the resolution of whether the exclusive remedy provision of the Act applies because all such issues have been compromised in arriving at the compromise agreement that formed the basis of the ALJ's final disposition.

¶ 27. The Martines argue that, while the employer's liability may be limited to the amount agreed to, he has sued Williams, who is not a party to that

214

agreement. *See, e.g., Udelhofen v. John Hancock Mut. Life Ins. Co.*, 128 Wis. 2d 216, 219, 381 N.W.2d 579 (Ct. App. 1985). In *Udelhofen*, we held that a health insurer of the employee was not precluded by a compromise agreement from litigating whether the employee's injuries came within a policy exclusion regarding worker's compensation claims. *Id.* at 220. However, unlike the unrelated health insurance provider in *Udelhofen*, Williams is a co-employee of the same employer. WISCONSIN STAT. § 102.03(2) expressly provides that the "right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, *any other employee of the same employer* and the worker's compensation insurance carrier." (Emphasis added.) If the exclusive remedy provision of § 102.03(2) applies to United Cooperative, it applies to Williams in equal measure by its express language. Adam can no more sue Williams than he can sue United Cooperative.

¶ 28.   In summary, we conclude that because Adam entered into a compromise agreement with United Cooperative, the exclusive remedy provision of the Act precludes the Martines from bringing a subsequent negligence action against Williams for the injuries which were the subject of his worker's compensation claim. We therefore conclude that summary judgment was appropriate. We affirm the decision of the circuit court granting summary judgment in favor of Williams and his insurer.

   *By the Court.*—Judgment affirmed.