CITY OF MILWAUKEE, Appellant, vs. INDUSTRIAL COMMIS-
SION OF WISCONSIN and another, Respondents.

*November 15—December 9, 1924.*

*Workmen's compensation: Claims of injured employee: Of de-
pendents: Subsequent death of employee: Compensation un-
paid: Disposition: When right to compensation accrues.*

1. Under the workmen's compensation act, in case of injury to an
   employee there arises a present claim for compensation on
   his individual behalf, belonging to him solely, and an in-
   choate right of action which, upon his death resulting from
   accident, becomes an absolute claim for compensation be-
   longing to his dependents, separate and distinct from the
   one accruing to him.  p. 308.
2. Under sub. (4) (b), sec. 102.09, Stats., where an employee
   suffered a temporary total disability and permanent partial
   disability, there arose in his favor a right of compensation
   for both, and death not resulting from injury during dis-
   ability did not extinguish the right he then had to compensa-
   tion.  p. 310.
3. An award of compensation under the compensation act does not
   fix the right thereto, but only determines the amount thereof,
   the right being fixed by statute.  p. 310.
4. The legislature may provide that compensation for the death of
   an employee under the compensation act shall go directly to
   his dependents without the necessity of other procedure.
   p. 310.
5. Since there was no independent gift to the dependents of the
   employee, but simply a necessary disposition of a balance due
   the injured employee at the time of his death, there was no
   taking of public money for a private use.  p. 310.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

January 8, 1923, one John Roth, Sr., aged about sixty,
one of plaintiff city's street department employees, received
a substantial injury to his right shoulder.  The plaintiff
complied with all the provisions of the workmen's compen-
sation act as to paying medical expenses of and compensa-
tion to said Roth up to the time of his death.

March 28th of the same year he had a stroke of apoplexy

and died therefrom on April 8th.  His widow made appli-
cation for compensation, and on September 19th the *Indus-
trial Commission* found that the injuries sustained·January
8th caused a permanent partial disability equal to thirty per
cent. of a loss of an arm at the shoulder and a total disability
which would have extended for a period of eight weeks and
four days beyond the date of the said death provided he had
lived; that the death was not the proximate result of the
said accident, and provided for the payment to the widow
of a further sum made up of compensation for such perma-
nent disability with reduction on account of his age and of
the balance on account of the total temporary disability.

This action was brought to review such award, and, the
order of the *Industrial Commission* being confirmed by the
circuit court for Dane county, this appeal has been taken.

The cause was submitted for the appellant on the brief of
*John M. Niven,* city attorney, and for the respondent *Indus-
trial Commission* on that of the *Attorney General* and *Mor-
timer Levitan,* assistant attorney general.

ESCHWEILER, J.  The applicant for compensation, the
widow of plaintiff's deceased employee, contended before
the *Industrial Commission* that the death of her husband
was the result of the injury, and offered evidence tending
to support such contention.   The *Commission,* however,
found to the contrary, and no contention is now being made
by the widow against such conclusion.

Under the workmen's compensation act, upon an injury
happening to an employee there may arise, first, a present
claim for compensation on his individual behalf which be-
longs to him and no one else; second, an inchoate right of
action which upon his death, if the same results from the
accident, becomes an absolute claim for compensation sepa-
rate and distinct from the one accruing to him, and which
belongs to the dependents and not to the injured employee.
*Milwaukee C. & G. Co. v. Industrial Comm.* 160 Wis. 247,

251, 151 N. W. 245. The same law also provides (sub. (4), sec. 102.09, Stats.) that if death occurs to an injured employee other than as a proximate result of the accident before disability indemnity ceases, *death benefit* shall be as follows:

"(b) Where the accident proximately causes permanent partial disability, liability shall exist for such benefit as shall fairly represent the proportionate extent of the impairment of earning capacity in the employment in which the deceased was working at the time of the accident or other suitable employment, caused by such disability."

No question is here raised as to the amount of the award if it can be allowed at all under the statutory provision above quoted.

It is in effect argued that such an award as is here presented, being denominated in sub. (4), *supra*, as a *death benefit*, must be considered as something separate and apart from the provisions as to permanent partial and total temporary disability, for the latter of which compensation was being paid to Roth up to the time of his death; that all the right of compensation to the injured individual personally is extinguished by his death and cannot be carried over to his dependents; and that there can be no grant of a *death benefit* to dependents where the death in question is not chargeable to the injury.

There would be much weight to this argument if that which has been here awarded to the dependent widow must be construed to be a *death benefit,* as it is called in the statute above quoted. Though so designated, yet, from the very nature of what has been here awarded, it is distinguishable in substance—and that is the material thing—from that which accrues to a dependent under the same law, where a death proximately resulted from the accident and which is therefore correctly designated as a *death benefit,* such as is spoken of in the case above cited.

Under the statute-controlled contract between the plaintiff

city and John Roth, Sr., upon the happening of the injury there arose in Roth's favor a right under contract, as distinguished from a cause of action in tort, for compensation, both for his temporary total disability and for his permanent partial disability.    At his death he had been paid in part for the one and nothing for the other.    His death from a cause other than the injury merely cut off the possibility of further payment to him, but did not cut off or extinguish the right that he then had to compensation.

The title and right to the entire compensation both for permanent partial and temporary total disability was as much in him at the time of his death as would have been title to the funds if the award had been made and paid before his death.    The award does not fix the right to, only determines the amount of, the compensation for the injury. The right to the compensation is fixed by the statute, the amount is merely the administrative detail.  If the provision here in question had not been in the statute, the fund here awarded might have properly become a part of his estate to be so administered, but as to funds of this nature the legislature may well provide, as we deem it they here have, that such funds shall go directly to dependents without the necessity of other procedure.

It is further urged that to award to dependents compensation for the death of an employee which death did not result from any injury sustained under the employment is the taking of public money for a private use and is therefore violative of constitutional provisions.  From the view, however, that we have taken of this statute as above expressed there is no such independent gift to the dependents.   It is no more than a necessary disposition of a balance due to the injured employee himself at the time of his death.

*By the Court.*—Judgment affirmed.