Anne M. SCHEELER, Widow of Henry F. Scheeler, Deceased, Relator,

v.

NORTH PINE ELECTRIC COOPERATIVE, INC., et al., Respondents,

and

Blue Cross & Blue Shield of Minnesota, intervenor, Respondent.

No. 48945.

Supreme Court of Minnesota.

March 2, 1979.

Richard C. Smith, Minneapolis, for relator.

Ochs, Larsen, Klimek & Olson and Joseph T. Herbulock, Minneapolis, for North Pine.

Indru Advani, St. Paul, for Blue Cross.

PER CURIAM.

Petitioner, the widow of Henry W. Scheeler, seeks review of a decision of the Workers' Compensation Court of Appeals denying her petition, filed March 17, 1977, for temporary total disability benefits to which her husband, who died April 30, 1976, from a malignant brain tumor admittedly unrelated to his employment, was allegedly entitled as a consequence of an employ-

ment-related psychoneurosis. We affirm, holding, as did the court of appeals, that the claim petitioner attempts to assert was personal to the employee and that no statutory provision allows his heirs to receive compensation not reduced to an award during his lifetime.

 The issue presented was decided in *Lakics v. Lane Bryant Dept. Store*, 263 N.W.2d 608 (Minn.1978). Although petitioner claims that she will be denied equal protection of the laws unless the *Lakics* decision is overruled, we cannot agree. She bases her claim in part on the fact that in denying reargument in *Lakics* we said that an intervening health insurer was not precluded from obtaining reimbursement for medical expenses paid for treatment of the employee's employment-related disability. We adhere to that view. The insurer had asserted a right enforceable upon proof it paid the expenses for which it claimed reimbursement and that they were for treatment of a disability caused by an employment-related injury or illness. If such proof can be furnished, the right can be enforced whether or not the employee's claim for compensation was extinguished by his death.

The other basis of petitioner's claim that failure to grant her claim will deny her equal protection rests on the fact that in 1977 the legislature amended Minn.St.1976, § 176.021, subd. 3,[1] to provide that if an employee's death is noncompensable, the right to receive a permanent partial disability payment shall vest in the employee or his dependents or heirs and the right shall not be abrogated by his death prior to the making of the payment. She reasons that this provision must be held to apply also to claims for temporary total disability. We do not pass on the merits of that argument because the statutory amendment, whatever its effect, has no application to cases arising before it was enacted.[2]

1. L.1977, c. 342, § 4.

Since we are compelled to conclude that the decision under review must be affirmed, discussion of other issues is unnecessary.

Affirmed.

2. The provision became effective May 28, 1977. L.1977, c. 342, § 29.