Francis PIGEON (Deceased) and Frances Pigeon,
Plaintiffs-Respondents-Petitioners,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS,
Defendant-Co-Appellant,

EMPLOYERS INSURANCE OF WAUSAU,
Defendant-Appellant,

MURRAY MACHINERY, Defendant.

Supreme Court

*No. 80–2200. Argued November 3, 1982.—
Decided November 30, 1982.*

(Also reported in 326 N.W.2d 752.)

For the plaintiffs-petitioners there were briefs by *Robert E. Gratz, Virginia M. Antoine* and *Goldberg, Previant, Uelmen, Gratz, Miller, Levy & Brueggeman, S.C.,* Milwaukee and oral argument by *Robert E. Gratz.*

For the Department of Industry, Labor and Human Relations the cause was argued by *Lowell E. Nass,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the defendant-appellant there was a brief by *Kathleen E. Grant* and *Law Offices of Robert S. Schuch,* Wausau, and oral argument by *Ms. Grant.*

WILLIAM G. CALLOW, J. This review arises out of a decision[1] of the court of appeals which reversed an order of Marathon county circuit court Judge Ronald D. Keberle. Judge Keberle reversed an order of the Labor and Industry Review Commission which denied the plaintiff, Frances Pigeon, the widow of Francis Pigeon, Worker's Compensation death benefits. We affirm the decision of the court of appeals.

Francis Pigeon was an employee of Murray Machinery, Inc., until November, 1969. In 1970 Pigeon filed an ap-

---

[1] *Pigeon v. ILHR Department,* 106 Wis. 2d 135, 316 N.W.2d 117 (Ct. App. 1981).

plication for Worker's Compensation benefits with the Department of Industry, Labor and Human Relations (Department). He claimed that he was totally and permanently disabled as a result of emphysema and silicosis caused by industrial exposure to silica dust. Murray Machinery, Inc., and its worker's compensation insurance carrier, Employers Insurance of Wausau, contested Pigeon's claim on the grounds that he was not totally disabled and that cigarette smoking was the primary cause of his emphysema. Rather than taking this dispute to a formal hearing for resolution, Pigeon, Murray Machinery, Inc., and Employers Insurance of Wausau, entered into a compromise agreement dated July 20, 1971. By the terms of the agreement, Pigeon was entitled to partial permanent disability of 50 percent of the body as a whole, with a 22½ percent age factor reduction. This settlement was to be paid in installments. The Department approved the compromise agreement on August 18, 1971.

Pigeon died on February 14, 1977. On April 1, 1977, Employers Insurance of Wausau paid the widow, Frances Pigeon, the balance due under the compromise agreement. Shortly thereafter, Mrs. Pigeon filed an application for death benefits, alleging that Mr. Pigeon's death was caused by silicosis arising out of his employment. Employers Insurance denied liability on the ground that the compromise agreement of July 20, 1971, extinguished Mrs. Pigeon's claim for death benefits.

A hearing was held on August 30, 1979. Mrs. Pigeon's application was dismissed in a decision dated October 1, 1979. The examiner held that, since the compromise agreement was a settlement of both the cause and extent of Pigeon's disability, it was a compromise of all liability which is binding on the dependents of the deceased within sec. 102.51(5), Stats. The examiner attached the following explanatory memo to the decision:

"Since there were no reservations or exclusions in the compromise agreement, it was concluded that the parties intended that the agreement be a compromise of all liability. It should also be pointed out that the word compromise appears in the agreement and therefore implicitly further claim is barred in accordance with Wisconsin Statutes 102.16(1)."

In an order dated February 14, 1980, the Labor and Industry Review Commission affirmed the order and findings of the examiner.

On February 19, 1980, Mrs. Pigeon commenced an action in circuit court pursuant to sec. 102.23, Stats. The circuit court reversed the order of the Labor and Industry Review Commission, holding that an injured employee cannot, under sec. 102.51(5) compromise a dependent's claim for death benefits. The Department and Employers Insurance of Wausau appealed. The court of appeals reversed the decision of the circuit court. According to the court of appeals the amount of death benefits to which a dependent is entitled is affected by the disability benefits already received. The court held that Mrs. Pigeon's claim for death benefits was totally offset and thereby extinguished by the compensation she received under the compromise agreement.[2] Mrs. Pigeon sought and we granted review of the court of appeals' decision.

The issue presented on this review is whether the compromise agreement entered into by the deceased, Francis Pigeon, in 1971 extinguished his dependent's claim for death benefits under sec. 102.51(5), Stats.

In deciding this case we must first consider whether an injured employee can compromise his dependent's

---

[2] We note that the court of appeals indicated that sec. 102.51 (5), Stats., does not authorize an injured employee to compromise his or her dependents' death benefit claims. This interpretation of the statute is incorrect. The correct interpretation is set forth later in this opinion.

claim for death benefits. The answer to this question lies within sec. 102.51(5), Stats., which at the time of Pigeon's compromise in 1971 provided:

"WHEN NOT INTERESTED. No dependent of an injured employe shall be deemed a party in interest to any proceeding by him for the enforcement of his claim for compensation, nor as respects the compromise thereof by such employe. Subject to the provisions of section 102.-16(1), a compromise of all liability entered into by an employe shall be binding upon his dependents."

The plain language of the second sentence of sec. 102.-51(5), Stats., authorizes an injured employee to enter into a compromise of *all* liability for the injury which is binding upon his or her dependents. The words "all liability" include not only the injured employee's claim for disability benefits but also his or her dependent's claim for death benefits. Thus an injured employee can compromise death benefits.

This conclusion is supported by the Department's long-standing interpretation of the statute. Prior to 1929, sec. 102.51(5), Stats. (numbered sec. 102.11(6), Stats. 1927), provided:

"No dependent of an injured employe shall be deemed, during the life of such employe, a party in interest to any proceeding by him for the enforcement or collection of any claim for compensation, nor as respects the compromise thereof by such employe."

The legislature amended the statute in Chapter 453, Laws of 1929, to provide:

"No dependent of an injured employe shall be deemed a party in interest to any proceeding by him for the enforcement or collection of any claim for compensation, nor as respects the compromise thereof by such employe. Subject to the provisions of section 102.16(1), a com-

promise of all liability entered into by an employe shall be binding upon his dependents."

Sec. 102.09(4u), Stats. 1929. In its biennial Workmen's Compensation Act pamphlet, n. 37 (1929), the Department interpreted the 1929 amendment to the statute:

"This amendment makes clear that an injured employe shall have the right to enter into a settlement, subject to the approval of the Industrial Commission, which shall operate to extinguish all liability on the part of the employer [sic] either toward him or toward his dependents. As the law formerly read it was not clear whether the legislature intended that an employe should have this right or whether the legislature intended that no action of an employe could in any way affect the right of a dependent to death benefit after his death."

An administrative agency's interpretation of a statute is not binding on this court. *Milwaukee v. WERC*, 71 Wis. 2d 709, 714, 239 N.W.2d 63 (1976). However, in *Green Bay Packaging, Inc. v. ILHR Dept.*, 72 Wis. 2d 26, 34, 240 N.W.2d 422 (1976), we expressly held that annotations in the biennial Workmen's Compensation Act pamphlet are relevant in construing statutes. Indeed, "it is a well-established principle of statutory construction that the construction and interpretation of a statute adopted by an administrative agency charged with the duty of applying the law is entitled to great weight." *Schwartz v. ILHR Dept.*, 72 Wis. 2d 217, 221, 240 N.W.2d 173 (1976). *See also Beloit Education Asso. v. WERC*, 73 Wis. 2d 43, 67, 242 N.W.2d 231 (1976); *Larson v. ILHR Department*, 76 Wis. 2d 595, 603, 252 N.W.2d 33 (1977); *Milwaukee County v. ILHR Dept.*, 80 Wis. 2d 445, 455, 259 N.W.2d 118 (1977). This principle is particularly applicable when the agency's construction and application is "long continued, substantially uniform and without challenge by governmental

authorities and courts." *Wood County v. Board of Vocational, T. & A. Ed.*, 60 Wis. 2d 606, 618, 211 N.W.2d 617 (1973). *See also Berns v. Wisconsin Employment Relations Comm.*, 99 Wis. 2d 252, 261, 299 N.W.2d 248 (1980); and *Schwartz v. ILHR Dept.*, 72 Wis. 2d at 221.

We recognize that an agency has an expertise in interpreting the statutes it is called upon to enforce. Therefore, in reviewing a question of law "this court does defer to a certain extent" to the interpretation and application of the statute by the enforcing agency. "[W]e will not reverse a determination made by the enforcing agency where such interpretation is one among several reasonable interpretations that can be made, equally consistent with the purpose of the statute." *De Leeuw v. ILHR Dept.*, 71 Wis. 2d 446, 449, 238 N.W.2d 706 (1976).

The Department's interpretation of sec. 102.51(5), Stats., is reasonable in that it accords with the plain language of the statute. It is also consistent with the overall purpose of the Worker's Compensation statute: "to provide financial and medical benefits to the victim of 'work-connected' injuries and their families—regardless of fault, and to allocate the financial burden to the most appropriate source, the employer, and, ultimately the consumer of the product." *Brenne v. ILHR Department*, 38 Wis. 2d 84, 91–92, 156 N.W.2d 497 (1968). The Department's interpretation of sec. 102.51(5) encourages compromises. A compromise furthers the purpose of the statute by enabling an injured employee to negotiate a settlement and bypass the costs and uncertainty of litigation.

Furthermore, the Department has consistently construed and applied sec. 102.51(5), Stats., for over fifty years. Throughout this period the legislature has done nothing to change the Department's interpretation of the

statute.[3] Indeed, the most recent amendment[4] to sec. 102.51(5) supports the Department's interpretation. Effective November 28, 1981, the statute was amended to read:

"WHEN NOT INTERESTED. No dependent of an injured employe shall be deemed a party in interest to any proceeding by the employe for the enforcement of the employe's claim for compensation, nor with respect to the compromise thereof by such employe. A compromise of all liability entered into by an employe is binding upon his dependents, except that any dependent of a deceased employe may submit the compromise for review under s. 102.16(1)."

In an unchallenged affidavit submitted by the Department to the court of appeals, the deputy administrator

---

[3] The trial court erroneously relied upon a 1931 revision of sec. 102.51(5), Stats., in finding that an injured employee cannot compromise his or her dependents' claims for death benefits. The 1931 revision changed the words "any claim" in the first sentence to "his claim." The trial court reasoned that this change evidenced legislative intent to allow an injured employee to compromise only his own claims. Therefore, according to the trial court, an employee cannot compromise his or her dependents' death benefit claims.

The trial court's reasoning is incorrect. The 1931 amendment was clearly not intended to change the legal effect of the statute.

The revisor's note in 1931, appended as a footnote to sec. 102.01, Stats. 1933, states:

"This revision of chapter 102 of the statutes is for the purpose of clarifying and simplifying the language, improving the arrangement, omitting unnecessary words, repealing expressly provisions which have been impliedly repealed by later enactments, and facilitating the finding and citing its various provisions. The meaning of the chapter remains the same as before. It is the intention to change the verbiage without changing the law."

We noted in *Guse v. A.O. Smith Corp.*, 260 Wis. 403, 406, 51 N.W.2d 24 (1952), that "revisions of statutes do not change their meaning unless the intent to change the meaning necessarily and irresistibly follows from the changed language."

[4] Chapter 92, Sec. 22, Laws of 1981.

of the Division of Worker's Compensation stated that the 1981 amendment to sec. 102.51(5) was initiated at the Department's suggestion by the Council on Worker's Compensation in direct response to the circuit court decision in this case. The amendment was designed to reaffirm the Department's longstanding interpretation of the statute which was originally set forth in the 1929 Workmen's Compensation Act pamphlet.

We conclude that the Department's interpretation of sec. 102.51(5), Stats., is correct. Contrary to the decisions of the circuit court and the court of appeals, an injured employee can compromise his or her dependents' death benefit claims.

We must next determine whether the compromise agreement in the instant case compromised Mrs. Pigeon's death benefits claim. The compromise agreement did not expressly state that it was limited to Mr. Pigeon's disability benefits. Nor, however, did it expressly compromise all liability. It was merely labeled a "compromise." The Department's longstanding practice has been to treat a compromise agreement as a final compromise of all claims arising out of the injury unless it is expressly limited.[5] Sec. 102.16(1), Stats., inferentially supports the Department's practice. Sec. 102.16(1) provides in pertinent part:

"Unless the word 'compromise' appears in a stipulation of settlement, the settlement shall not be deemed a com-

---

[5] In an unchallenged affidavit submitted by the Department to the court of appeals, the deputy administrator of the Department's Division of Worker's Compensation stated:

"That it has been a consistent and longstanding interpretation and construction by the Department that the language in sec. 102.51(5), Stats., results in extinguishment of the claim for death benefits by a defendant of an employe when a compromise settlement agreement is entered into by such employe during the employe's lifetime."

See also J.D. Neal, *Worker's Compensation Handbook*, sec. III at 85 (1979).

promise, and further claim shall not be barred except as provided in s. 102.17(4) irrespective of whether award is made."

This language indicates that, if the word "compromise" is used, further claims may be barred.

For the reasons discussed earlier in this opinion, we defer to the Department's longstanding practice with respect to compromises. We hold that, because Pigeon's compromise agreement was not expressly limited, it was a compromise of all liability. The court of appeals' decision dismissing Mrs. Pigeon's claim for death benefits is affirmed as modified by this opinion.

*By the Court.*—The decision of the court of appeals is modified and, as modified, affirmed.