EDWARD BROTHERS, INC. and
Liberty Mutual Insurance Company,
Plaintiffs-Respondents,†

v.

LABOR AND INDUSTRY REVIEW COMMISSION,
Defendant-Appellant,

David VANDERZEE, Deceased,
Defendant-Co-Appellant.

Court of Appeals

*No. 2006AP2398. Submitted on briefs December 20, 2006.
—Decided March 7, 2007.*

2007 WI App 128

(Also reported in 731 N.W.2d 302.)

† Petition to review denied 7/17/07.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Peggy A. Lautenschlager*, attorney general, and *R. Duane Harlow*, assistant attorney general.

On behalf of the defendant-co-appellant, the cause was submitted on the briefs of *Richard A. Fortune* of *Fortune & McGillis, S.C.* of Racine.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Peter L. Topczewski* of *Law Offices of Stilp & Cotton* of Brookfield.

Before Brown, Nettesheim and Anderson, JJ.

¶ 1. BROWN, J. The question in this case is whether the dependents of a deceased worker are entitled to death benefits under the worker's compensation law when the worker's death occurred before the level of permanent partial disability could be formally established. The Labor and Industry Review Commission held that David Vanderzee's dependents were entitled to the benefit, and Edward Brothers and its insurer appealed to the circuit court. The circuit court reversed the Commission, holding that because Vanderzee died before his disability benefit could be determined, his dependents could not receive death benefits. We reverse the circuit court and uphold the Commission. The death benefit is a right belonging to the dependents, and it is separate from the worker's right to permanent partial disability payments during life. There is nothing in the statutes that denies the dependents their death benefit simply because the worker happens to die too soon.

¶ 2. Vanderzee hurt his back on the job in January 2001 and was rendered temporarily totally disabled. He received treatment for his injury until September 2003, when he died of unrelated causes. At the time of his death, no physician had indicated that he had reached the end of healing, and Vanderzee accordingly had not yet applied for permanent, partial disability.

¶ 3. After his death, Vanderzee's dependents filed a claim for death benefits under Wis. Stat. § 102.47(2) (2003–04).[1] The administrative law judge denied the claim, but the Commission reversed the ALJ. Edward Brothers sought judicial review in the circuit court, and

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

that court reversed the Commission's decision and remanded.[2] The dependents and the Commission appeal.

¶ 4.   The parties first dispute what deference we should give to the Commission's application of the relevant statutes. We agree with the Commission's interpretation of the statutes and would therefore affirm no matter what level of deference we applied, and so we do not address the issue. *See Wisconsin Ins. Sec. Fund v. LIRC*, 2005 WI App 242, ¶ 9 n.4, 288 Wis. 2d 206, 707 N.W.2d 293.

¶ 5.   The death benefit at issue here is laid out in WIS. STAT. § 102.47, which provides in pertinent part:

> 102.47 **Death benefit, continued**. If death occurs to an injured employee other than as a proximate result of the injury, before disability indemnity ceases, death benefit and burial expense allowance shall be as follows:
>
>  . . . .
>
> (2) Where the injury proximately causes permanent partial disability, the unaccrued compensation shall first be applied toward funeral expenses, not to exceed the amount specified in s. 102.50. Any remaining sum shall be paid to dependents, as provided in this section . . . .

¶ 6.   Edward Brothers first focuses on the term "unaccrued compensation." Edward Brothers contends that in order for "unaccrued compensation" to exist, there must be a finding, prior to death, that an employee is entitled to compensation. Though it never

---

[2] The parties dispute whether the circuit court exceeded its authority in its remand; because we uphold the Commission's interpretation of the statute, we need not address this issue.

states as much, it appears that Edward Brothers is arguing that "unaccrued compensation" means "compensation awarded but not yet paid"; if there has been no award prior to death, there is no unaccrued compensation to award as a death benefit.[3]

¶ 7.  However, Edward Brothers provides us with no source for this definition and supports it only by stating that "unaccrued compensation" is "referenced" in WIS. STAT. § 102.32(6m) and WIS. ADMIN. CODE § DWD 80.39 (Sept. 2005). And so it is; but Edward Brothers does not tell us why this supports its preferred meaning. Meanwhile, Webster's defines "accrue" as "to come into existence as an enforceable claim:   vest as a right"; Black's has "unaccrued" as "[n]ot due, as rent on a

---

[3] Though phrased differently, this contention is similar to the conclusion of the circuit court:   that Vanderzee's dependents could not receive compensation under WIS. STAT. § 102.47(2) because "an award of permanent partial disability is a condition precedent to a [dependent's] right to claim death benefits." But the statute says only that a death benefit arises when "the injury proximately *causes permanent partial disability*," not that there must have been, at the time of death, an *award* of compensation for that disability. Sec. 102.47(2) (emphasis added). There is some language in *State v. LIRC*, 136 Wis. 2d 281, 401 N.W.2d 585 (1987), that could be read to support the circuit court's interpretation:   "Rather, *the disability payments that have been awarded but not yet paid* are payable to the surviving spouse as 'death benefits.'" *Id.* at 292–93 (emphasis added). However, this statement, viewed in context, is intended to distinguish between two separate claims: the worker's disability benefit and the dependent's death benefit. "Awarded but not yet paid" was the court's shorthand description of the *measure* of the death benefit, not a statement that a disability award is a condition precedent to a death benefit.

lease." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 13 (1993); BLACK'S LAW DICTIONARY 1559 (8th ed. 2004). So it appears that the ordinary meaning of the term "unaccrued compensation" is compensation that has not become due, or compensation for which a claim is not yet enforceable. At the time of his death, Vanderzee had not filed a claim for permanent partial disability payments; his compensation was therefore not yet due and he had no enforceable claim to receive compensation on that date. His compensation was, in other words, unaccrued; whether or not it had been precisely established is irrelevant.

¶ 8. Edward Brothers next notes that the statute provides a death benefit only "[i]f death occurs to an injured employee . . . before disability indemnity ceases" and asks rhetorically: "[H]ow can disability indemnity cease if it was never commenced?" Even if we were to accept the implied assumption that "indemnity" means "payment" rather than "the right to be paid,"[4] as Vanderzee points out, payment *had* commenced; he had been receiving temporary total disability payments for more than two years. All of the elements WIS. STAT. § 102.47(2) requires for a death benefit were thus satisfied.

¶ 9. However, Edward Brothers points to another statute, WIS. STAT. § 102.51(5), which provides in part that "[n]o dependent of an injured employee shall be deemed a party in interest to any proceeding by the employee for the enforcement of the employee's claim for compensation." As Edward Brothers correctly notes, our supreme court has held this to mean that a depen-

---

[4] *See* BLACK'S LAW DICTIONARY 784 (8th ed. 2004) (defining "indemnity" both as "[a] duty to make good any loss" and "[r]eimbursement or compensation for loss").

dent of a deceased worker cannot claim the worker's disability benefits if the worker failed to claim them while alive. *State v. LIRC*, 136 Wis. 2d 281, 284, 401 N.W.2d 585 (1987). Edward Brothers urges that § 102.51(5) directly prohibits the dependents' benefit and that we therefore cannot adopt the Commission's reading of Wis. Stat. § 102.47(2) providing that benefit, since we are not to construe statutes inconsistently with one another.

¶ 10. We reject this argument. Simply put, Wis. Stat. § 102.51(5) has no application to a claim for a death benefit because a death benefit claim is not an "employee's claim for compensation." That is, a death benefit claim belongs not to the deceased worker, but to his or her dependents. *State v. LIRC*, 136 Wis. 2d at 292 ("Section 102.47(1), Stats. (1979), provides for a death benefit for a dependent. It is not a procedure to recoup total disability benefits that were not timely claimed by the worker."). True, the *value* of that claim is determined by calculating the unaccrued benefits that the deceased worker would have collected, but, as our supreme court cautioned, we should not let that confuse us: the claims are separate.[5] *State v. LIRC*, 136

---

[5] The fact that the value of the death benefit is determined by the value of unaccrued disability benefits motivated the ALJ's rejection of the dependent's claim below. The ALJ stated that in order to award a death benefit, she would have to determine, post-mortem, whether the deceased sustained any permanent partial disability from his injury, and that doing so would violate the Wis. Stat. § 102.51(5) prohibition on a dependent being a party to the worker's claim. This is not so. The proceeding that the dependents sought was one to establish *their death benefit*. The nature of the proceeding does not change simply because the facts that they needed to establish

Wis. 2d at 295 (noting "the confusion that could result when an attempt to claim death benefits looked like an attempt to claim unfiled-for disability benefits, as happens in the case of a deceased, permanently partially disabled employee"). Thus, while § 102.51(5) prohibits a dependent from being a party to a *worker's* claim for disability benefits, a dependent claiming a death benefit is prosecuting only *his or her own claim*. This is plain from the language of the statute, but that is not all; if it were otherwise, there could be no death benefit ever, since by its very nature (and by statute) a death benefit can be claimed only by a dependent.

¶ 11. All of this is made quite clear in *State v. LIRC*. In that case, a dependent of a deceased worker claimed *both* the disability payments that the worker had failed to claim while alive *and* the death benefit. *Id.* at 285. Based partly on Wis. Stat. § 102.51(5), the court refused to allow the disability claim, *but the dependent received her separate death benefit;* in fact, the death benefit was not an issue in the case, because it had been conceded below after the resolution of a dispute as to who was the proper payor. *State v. LIRC*, 136 Wis. 2d at 284, 285, 290. The court nevertheless noted, in distinguishing an earlier case, *City of Milwaukee v. Industrial Commission*, 185 Wis. 307, 201 N.W. 251 (1924):

> Spouses who are entitled to death benefits when a permanently partially disabled employee dies do not forfeit the benefits granted to them by the death benefits statute (*i.e.,* the balance of permanent partial disability payments) if the deceased employee failed to file a claim for permanent partial disability benefits during his lifetime.

*State v. LIRC*, 136 Wis. 2d at 294.

are some of the same ones Vanderzee would have had to establish had he filed a claim for permanent disability.

¶ 12. In the face of this clear statement, Edward Brothers simply asserts repeatedly that in a case where the deceased worker dies before the level of permanent partial disability is established, the dependent's death benefit is, for some reason, wiped out. As we have seen, there is simply no authority for this claim. WISCONSIN STAT. § 102.47(2) provides a death benefit to the dependent, and WIS. STAT. § 102.51(5) by its plain language affects only the worker's disability benefit, not the dependent's death benefit.

¶ 13. We recognize, as did the Commission in its decision below, that there may be cases in which a worker's death before permanent partial disability is established *could* prevent the award of a death benefit because of proof problems. Where a worker died without filing any disability claim at all, for example, or died so soon after the injury that there could be no realistic assessment of the injury's long-term effect, it might be impossible to establish what the permanent partial disability compensation would have been, and thus what the death benefit should be. However, this is not such a case. At the time of his death, Vanderzee was very close to, if not at, his healing plateau, and there was ample evidence to conclude that he would have had an approximately five-percent permanent functional disability.

¶ 14. If the position taken by Edward Brothers were correct, a worker's dependents' death benefit would, incredibly, be extinguished by the worker's death, if that death occurred in the few days or weeks before permanent partial disability was conclusively established; while another worker's dependents *would* get benefits simply because the worker happened to die a few days or weeks *after* permanent partial disability

was established. It would be a strange system that made such a meaningless distinction based merely on fate; fortunately, this is not the system that our legislature created.

*By the Court.*—Order reversed.